FILED
United States Court of Appeals
Tenth Circuit

March 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY A. KEMPER,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[*]

      Defendant-Appellee.

No. 12-1412
(D.C. No. 1:10-CV-02237-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Gary Allen Kemper, appearing pro se, filed suit in the United States District

Court for the District of Colorado, challenging the Commissioner of Social Security's

final decision denying him disability benefits. During those proceedings, Kemper

---

[*]    In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a "Motion To Cite Supplemental Authority, R., Vol. 2 at 53-54, which the district court granted on October 18, 2011. On January 6, 2012, Kemper filed a motion asking the court to review documents he attached to the motion and to issue a ruling. On June 14, 2012, the court entered an order reversing and remanding the case to the agency for further proceedings. It also granted the January 6 motion to the extent Kemper asked the court to review the attached documents but otherwise denied the motion. On June 15, 2012, the court entered a separate final judgment.

On August 24, 2012, Kemper filed a "motion to attach to new case," in which he asked the district court to review previously filed documents and an administrative law judge's decision regarding experts in Japan. *Id.* at 343-44. He also asked the court to clarify its June 14 order to the extent it granted in part and denied in part his January 6, 2012 motion. The court denied the "motion to attach to new case" on September 25, 2012, because it no longer had jurisdiction over the case. On October 17, 2012, Kemper filed a notice of appeal, stating he was appealing from the "order to cite supplemental authority," which he incorrectly identified as having been entered on October 16, 2012 (the district court entered no order in his case on that date). *Id.* at 355. In his opening appellate brief, Kemper states the correct date of that order, October 18, 2011.

The Commissioner argues that we lack jurisdiction over this appeal because the notice of appeal is untimely. We agree. A "timely notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Where, as here, a United States officer or employee is sued in an official capacity, a civil litigant must file a notice of appeal within 60 days after the entry of the judgment, order, or decree appealed. 28 U.S.C. § 2107(a), (b)(3); Fed. R. App. P. 4(a)(1)(B)(iii).

Kemper filed his notice of appeal on October 17, 2012, nearly *one year* after the order identified in his notice of appeal and more than 60 days after the district court's entry of judgment on June 15, 2012. Kemper did not seek an extension of the time to file his notice of appeal. Hence, the notice of appeal was clearly untimely as to both the October 18, 2011 order and the court's final judgment. And for two reasons, we see no basis that the "motion to attach to new case" tolled the time for filing a notice of appeal from the court's final judgment under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. First, it is not clear that the motion sought any of the relief available through the post-judgment tolling motions listed in Rule 4(a)(4)(A). Second, even if it did seek such relief, the motion was filed 70 days after the entry of judgment and therefore outside of the applicable deadlines for any of the Rule 4(a)(4)(A) tolling motions.

Finally, although Kemper's notice of appeal could be considered timely as to the district court's order denying his "motion to attach new case," we see nothing in the notice of appeal or Kemper's appellate filings suggesting his appeal is from that order.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Kemper's motion to proceed on appeal *in forma pauperis* (*ifp*) is granted. The grant of *ifp* does not relieve him of his obligation to pay his appellate filing and docketing fees in full.

Entered for the Court

Terrence L. O'Brien
Circuit Judge